JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CREE, INC., a North Carolina Corporation Doing Business in California,<br><br>Plaintiff,<br><br>v.<br><br>LINEMART, INC. a California Corporation; SHENZHEN SAILVAN NETWORK TECHNOLOGY CO. LTD., a California Corporation; and Does 1-10 inclusive,<br><br>Defendants. | Case No.: 2:17-cv-07150-AB-JEM<br><br>**[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANTS LINEMART, INC. AND SHENZHEN SAILVAN NETWORK TECHNOLOGY CO. LTD. AND DISMISSAL**<br><br>Honorable André Birotte Jr. |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction and Dismissal of Entire Action by and between Plaintiff Cree, Inc. ("Plaintiff"), and Defendants Linemart, Inc. and Shenzhen Sailvan Network Technology Co. Ltd. (collectively "Defendants") hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendants as follows:

1. <u>PERMANENT INJUNCTION</u>. Defendants and any person or entity acting in concert with, or at its direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which they may exercise control, are hereby restrained and enjoined, pursuant to 15 U.S.C. § 1116(a), from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

(i) copying, manufacturing, importing, exporting, purchasing, marketing, advertising, offering for sale, selling, receiving, storing, fulfilling, distributing or dealing in any product or service that uses, or otherwise making any use of, any of Plaintiffs' intellectual properties, including but not limited to, the **CREE**® (Reg. Nos. 2,440,530; 2,452,761; 3,935,628; 3,935,629; 3,938,970; 4,026,756; 3,935,630; 3,935,631; 3,938,971; 2,922,689; 3,998,141; 3,998,142; 4,233,855; 4,234,124; 4,641,937; 4,597,310; 4,597,311; 4,767,107; 4,771,402; 4,787,288), **CREE LEDS**® (Reg. Nos. 3,360,315; 4,558,924), **CREE LED LIGHT**® (Reg. No. 3,327,299), **CREE LED LIGHTING**® (Reg. Nos. 3,891,756; 3,891,765), **CREE LED LIGHTING SOLUTIONS**® (Reg. No. 3,526,887), **CREE TRUEWHITE**® (Reg. Nos. 4,029,469; 4,091,530), **CREE TRUEWHITE TECHNOLOGY**® (Reg. Nos. 4,286,398; 4,099,381), and **XM-L**® (Reg. No.: 5,294,417) word and design trademarks affixed as **Exhibits "A"** - **"EE"** to Plaintiff's Complaint (ECF #1, ¶20) (collectively, "Plaintiff's Intellectual Properties");

(ii) copying, manufacturing, importing, exporting, marketing, sale, offering for sale, distributing or dealing in any product or service which uses, or otherwise makes any use of, any of Plaintiff's Intellectual Properties, including but not limited to "XML" and "X-ML" and all its word and/or stylized derivatives and variations, pursuant to the causes of action of this Litigation, which is confusingly or substantially similar to, or which constitutes a colorable imitation of, any of

Plaintiff's Intellectual Properties, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise using, advertising or displaying Plaintiff's Intellectual Properties to suggest that non-genuine CREE-related products being advertised are manufactured, sponsored or endorsed by Plaintiff;

(iii) performing or allowing others employed by or representing them, or under their control, to perform any act or things prohibited by law, which is likely to injure CREE, any of Plaintiff's Intellectual Properties;

(iv) engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, or other act which would tend to damage or injure CREE; and/or

(v) owning or controlling any Internet domain name or website that uses any of Plaintiff's Intellectual Properties.

2. This Permanent Injunction does not apply to authentic CREE LEDs or component parts bearing Plaintiff's Intellectual Properties authorized by CREE.

3. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendants, and the Court directs immediate entry of this Permanent Injunction against Defendants.

5. <u>NO APPEALS AND CONTINUING JURISDICTION.</u> No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction and Confidential Settlement Agreement by Defendants.

6. <u>NO FEES AND COSTS.</u> Each party shall bear its/his own attorneys' fees and costs incurred in this matter.

7. <u>DISMISSAL OF ENTIRE ACTION</u>. Upon entry of this Permanent Injunction against Defendants, the case shall be dismissed with prejudice in its entirety.

**IT IS SO ORDERED, ADJUDICATED and DECREED** this 11th day of December, 2018.

_____
Honorable André Birotte Jr.
United States District Court Judge